THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLIFFORD SCHENANDOAH, Appellant.

Fourth Department, April 27, 1960.

*Lipsitz, Green, Fahringer & Fleming* (*Herald P. Fahringer, Jr.*, of counsel), for appellant.

*Carman Ball, District Attorney* (*Leonard F. Walentynowicz* of counsel), for respondent.

WILLIAMS, P. J.   The defendant has appealed from a judgment convicting him of two counts of robbery in the first degree.

He was arrested at about 11:00 P.M. on a Tuesday night.   He was not arraigned until Thursday at 2:00 P.M., or approximately 39 hours after arrest.   The only excuse given by the police for the length of time he was held without arraignment was that when he was arrested, "He was too drunk to talk to."   No explanation was given as to his condition during the remaining period of detention or why he was not arraigned sooner.   It was admitted by the arresting officer that the defendant was shoved through a glass window the night of his arrest.   This was done, he said, because the defendant had not given his correct name.   Defendant contended that he received facial injuries as the result of this occurrence.

The People introduced into evidence an alleged confession of the defendant purportedly taken the day after his arrest. Inculpatory language contained in this document could have been very damaging to the defendant if the jury accepted it as factually accurate and believed it was voluntarily and freely given.   It was highly important, therefore, that the rules applicable to this alleged confession should have been clearly enunciated by the Trial Judge.

After fairly instructing the jury as to the general rules relating to confessions, the Trial Judge charged that if the jury should find that the police unreasonably and unlawfully detained the defendant and he was held only for the purpose of extracting a confession from him, the jury had the right to disregard the alleged confession and that such illegal detention "nullifies its effect and you are to give it no credibility as evidence."   Upon the request of defendant's counsel, the court then charged the substance of section 165 of the Code of Criminal Procedure to the effect that a defendant must be taken before a Magistrate without unnecessary delay.   However, he refused a specific request that the holding of the defendant for a period of 39 hours was "an unnecessary delay, as a matter of law, and illegal."   The defendant was entitled to this charge, particularly as there was no explanation for the delay.

We said in *People* v. *Kelly* (8 A D 2d 478, 481): "Unnecessary delay in arraignment should have been considered by the jury on the question of whether the statement was voluntary.   There was a duty upon the Trial Judge to charge that any 'unnecessary delay in arraignment is forbidden by law' and failure to so charge is error."   And at page 483: "We think that the defendant was entitled to the charge that the delay was illegal, unreasonable and unnecessary and that such delay had to be con-

sidered in determining the question as to whether the statement was or was not voluntary. Refusal to so charge was reversible error.''

In *People* v. *Lovello* (1 N Y 2d 436), there was a delay of about 33 hours. Defendant's counsel requested an instruction that the police officers were guilty of unnecessary delay as a matter of law. In reversing, the court said (p. 438): '' Therefore, it was error * * * for the court to refuse the requested instruction and, similarly, error for the court to submit to the jury as a question of fact whether the delay was ' unnecessary or unreasonable ' ''.

The case of *People* v. *Snyder* (297 N. Y. 81) presented another instance of delay in arraignment. The Trial Judge had charged the jury that it was the claim of the People that there was no unnecessary delay, that investigation was required before charging the defendants with murder; and that defendants' oral admissions of guilt warranted their being held until the statements could be reduced to writing and the defendants had re-enacted their part in the alleged homicide. The Court of Appeals said (p. 92): '' We think that that could be no excuse under the statute [Code Crim. Pro., § 165] and that it was not permissible for a jury to find that it was. We have heretofore disapproved of the practice of unnecessarily delaying arraignments. (See *People* v. *Mummiani,* 258 N. Y. 394, 396; *People* v. *Elmore,* 277 N. Y. 397, 404.) ''

The illegality of the detention would not necessarily mean that the alleged confession would have to be rejected, but the jury should have been instructed that such illegality could be considered in determining whether its contents should be disregarded because it was made under the influence of fear produced by threats or under a promise of immunity by the District Attorney (Code Crim. Pro., § 395). '' It has significance only insofar as it lends to the establishment of the statutory grounds for exclusion.'' (*People* v. *Spano,* 4 N Y 2d 256, 261.)

The failure to charge as requested was error, and although the defendant's counsel took no exception, the refusal was sufficiently prejudicial, particularly in view of the close questions of fact involved, to require a new trial in the interests of justice (Code Crim. Pro., § 527).

There was another incident that occurred during the trial that requires comment. The arresting officer was asked, '' What did you book him for? '' and he responded, '' After we learned that his name was Clifford Schenandoah, then we booked him for a violation of parole from Syracuse for first degree robbery.'' This gratuitous, unresponsive statement informed the jury that

defendant was on parole because of a previous burglary conviction. The court very properly directed that the answer be stricken and instructed the jury to disregard it. We realize that matters such as this sometimes enter into a trial inadvertently and cannot be avoided, but the officer who was testifying had been on the force for 11 years, his aggressiveness against the defendant was indicated by the fact that it was he who shoved the defendant through the window, and we would be naive to believe that this was merely a thoughtless, innocent statement by this officer. Conduct such as this on the part of police officers should not be condoned.

The judgment of conviction should be reversed and a new trial granted.

Present — WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ.

Judgment of conviction unanimously reversed on the law and facts and a new trial granted.